UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Subpoenas to Multimedia Over Coax Alliance, | Case No. 16-mc-80192-SK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>Regarding Docket Nos. 1 |

TQ Delta, LLC moves to compel out of district subpoenas served on third party Multimedia Over Coax Alliance, domiciled in the Northern District of California. The subpoenas relate to patent infringement actions currently pending in Delaware. Having reviewed the parties' motion, opposition, and joint status report, and having heard argument on the motion, the motion is hereby GRANTED in part and DENIED in part, as provided below.

**BACKGROUND**

In this patent infringement case, Plaintiff TQ Delta, LLC ("TQD") seeks to obtain discovery from third party Multimedia Over Coax Alliance (the "Alliance" or "MoCA"). In November 2015, TDQ served six Rule 45 subpoenas on the Alliance, one for each of six actions pending in Delaware.[1] The Alliance is a trade group organized for the benefit of media distribution companies, all of whom are defendants in the underlying litigation. Defendants' representatives make up the membership of the Alliance. In the six actions, TQD asserts that a communications standard aimed at providing home data distribution and content using coaxial

---

[1] Defendants in the six cases include Comcast Cable Communications, LLC; Coxcom LLC and Cox Communications Inc.; DirectTV, LLC; DISH Network Corporation; Time Warner Cable; and Verizon Services Corp.

cable, known as the "MoCA Specification," lies within its patent portfolio. TDQ maintains that defendants infringe upon TQD's patents by making or selling products that implement the MoCA Specification.

After the subpoenas were received, TDQ and the Alliance met and conferred, narrowing the scope of the subpoenas. After the Alliance failed to produce documentation, TQD moved to compel production. (Dkt. 1.) This Court ordered TQD to serve the motion on the Alliance and provided the Alliance with the opportunity to oppose the motion. (Dkt. 3.) Subsequently, the Alliance produced responsive documents, although the adequacy of the production remains at issue. Alliance opposed TQD's motion (Dkt. 7) and later the parties submitted a joint statement regarding the status of the discovery. (Dkt. 8.) The Court heard oral argument from TQD and the Alliance on October 12, 2016.

## ANALYSIS

### A. Legal Standard.

Rule 45 of the Federal Rules of Civil Procedure provides the method by which information may be obtained directly from a nonparty. The scope of discovery by way of a Rule 45 subpoena is the same as the scope of discovery provided for in Rule 26 (b). *Broadband iTV, Inc. v. Hawaiian Telecom,* 2015 U.S. Dist. LEXIS 51131, at *4 (ND Call. Apr. 17, 2015). "Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). While a motion to compel disclosure is authorized by Rule 37 of the Federal Rules of Civil Procedure, the parties must first meet and confer in an attempt to resolve the matter, otherwise the "Court will not entertain a request to resolve a disclosure or discovery dispute." Civil L.R. 37-1(a).

### B. Scope of Discovery Sought By TDQ.

TQD and the Alliance narrowed the scope of the discovery during the meet and confer process to Request Nos. 1-8, 11-14, 18, 21 and 22; omitting Request Nos. 9, 10, 15-17, 19 and 20. This is referred to as the "Limited Subpoena." TQD seeks additional responsive documents to the Limited Subpoena, which fall into the following four categories: (1) testing; (2) specifications; (3) minutes/email; and (4) financial/technical.

### 1. Testing (Requests Nos. 1-4, 11-12).

Request Nos. 1-4 and 11-12 seek documents related to the testing of accused products and compliance with the MoCA Specification. The Alliance produced a total of 36 test results out of 177 products, which TQD suspects is the result of an inadequate search. However, the Alliance maintains that it has searched the repository of documents and its email inboxes for testing related to the accused products and compliance with the MoCA Specification. While TQD may have predicted that more documents would be produced, TQD has not provided a sufficient basis to persuade the Court that documents responsive to these requests exist but have not been produced. Should TQD obtain additional information in the litigation to form a reasonable basis for requiring further production of documents after an additional search, the Court will entertain such a request. In the meantime, the Court DENIES without prejudice the request to compel as to this category of documents.

### 2. Specifications (Request Nos. 5-7, 13).

Request Nos. 5-7 and 13 seek every released version of the MoCA Specification that is not publically available and the sections of the MoCA Specification with which a product is required to comply. The Alliance represents that it has produced all versions of the MoCA Specification. TQD argues that it is entitled to supporting technical documentation. However, the Requests themselves do not seek such information. Therefore, the request to compel further documentation to Request Nos. 5-7 and 13 is DENIED.

### 3. Minutes/Email (Request No. 14).

The Limited Subpoena version of Request No. 14 seeks "all proposals, submissions, contributions, meeting minutes, notes, records, votes and decisions of MoCA, MoCA Members, or the MoCA Work Groups relating" to the certain MoCA Specifications, as shown in the string of correspondence at Exhibit 10 of the Declaration of Rajendra Chiplunkar (Dkt. 2-44) and Ex. A to the Declaration of Aaron Wainscoat. (Dkt. 7-2.) While the Request has narrowed, the parties agree that there is overlap with other Requests. In light of the lingering uncertainty as to the efforts made in responding to Request No. 14, the overlapping issues with other Requests, and the breadth of the Request, the Court shall permit TQD to take one two-hour deposition of a

3

representative designated by the Alliance on the limited issue of the scope of the search for responsive documentation to Request No. 14.  The deposition shall be at a mutually convenient time, but shall occur no later than 45 days from the date of this order.  The deposition shall either take place in this District or can take place outside this District if the parties agree.  TQD shall pay the fee for a court reporter and the fee for one copy of the transcript of the deposition of the Alliance.

### 4. **Financial/Technical (Request Nos. 21 and 22).**

Requests Nos. 21 and 22 seek documentation that compare financial and technical benefits of the MoCA protocol over competing technologies.  TQD maintains that this information is vital to its claim for damages.  The Alliance points to the broad scope of this category and assert that the parties have not met and conferred on the scope of these requests.  In light of the failure to meet and confer on this issue in compliance with Civil L.R. 37-1(a), the Request to compel additional documents in response to Request Nos. 21 and 22 is hereby DENIED without prejudice.

### 5. **Requests for sanctions.**

Both TQD and the Alliance seek an award of fees and costs from the other.  TQD seeks reimbursement of fees and costs incurred in order to obtain the Alliance's compliance (Dkt. 1) and the Alliance seeks reasonable attorneys' fees associated with responding to the motion and negotiating additional time to respond pursuant to Fed. R. Civ. P. 45(d)(1).  (Dkt. 7.)  In light of the good faith efforts of both parties to interpret the discovery requests which are somewhat broad in scope, the Court DENIES the both parties' requests for fees and costs.

**IT IS SO ORDERED**.

Dated: October 13, 2016

_____
SALLIE KIM
United States Magistrate Judge